IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH REDDING | : | CIVIL ACTION |
| v. | : | No. 07-4591 |
| THE ESTATE OF ROBERT SUGARMAN[1] | : | |



**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                           October 22, 2008

The Estate of Robert Sugarman asks this Court to dismiss Elizabeth Redding's legal malpractice action under Federal Rule of Civil Procedure 41(b) for her failure to obey an order of this Court. Redding, who is representing herself, responds with a "Motion for Summary Judgment" which asks this Court to allow her to proceed on her own certification that no expert is required. Because I find an expert is required to prosecute a claim for legal malpractice and because Redding failed to file a Certificate of Merit within the generous time frame provided, I will grant Sugarman's Motion to Dismiss.

**FACTS**

Redding accuses Sugarman of legal malpractice in representing her in a medical malpractice case.[2] In February 2008, I asked the parties for letter briefs on the applicability of Pennsylvania Rule

---

[1] Robert Sugarman died during the course of this litigation. His estate is substituted as defendant. Fed. R. Civ. P. 25(a)(1).

[2] Redding'S Complaint is a model of notice pleading, a "short and plain statement of the claim." Fed. R. Civ. P. 8(a). In three paragraphs, Redding states the basis for jurisdiction, the cause of action, and remedy sought (unchanged as to grammar and spelling):
> To the best of the Plaintiffs knowledge and belief she believes the Federal Government would have Jurisdiction over this Case/Complaint because the Parties are Citizens of different States.

1

of Civil Procedure 1042.3 to the case. Redding responded with a "Certificate of Merit" which failed to respond to the Court's Order. I then amended my Order to give Redding an additional 45 days to file a Certificate of Merit as defined under Rule 1042.3. The Order cited the Rule in its relevant part and outlined the consequences of failing to comply. Redding responded with a Motion accusing this Court of bias. Sugarman asked this Court to deny Redding's Motion, but failed to move for dismissal for failure to file a Certificate of Merit. Sugar man's Estate now asks this Court to dismiss the case for failure to follow an Order of the Court under federal Rule 41.1(b) and for failure to file a Certificate of Merit under Pennsylvania Rule 1042.3

**DISCUSSION**

Under *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity must apply the state's substantive law. *Id.* Pennsylvania's certificate of merit requirement is a substantive rule, not a procedural requirement. *McElwee Group, LLC v. Municipal Authority of Borough of Elverson*, 476 F. Supp. 2d 472, 475 (E.D. Pa. 2007). Pennsylvania Rule of Civil Procedure 1042.1 "govern[s] a civil action in which a professional liability claim is asserted against . . . an attorney at

---

> The Defendant failed to render professional services with skill and diligence that an ordinary and reasonable lawyer would use under similar circumstances. In a Medical Malpractice cases the Law says you must have, "Expert Testimony," The Defendant said it was not necessary in my case and refused to procure the Expert. In doing this he caused the Plaintiffs case to be dismissed for lack of an Expert. Causing her not be compensated for her pain and suffering and the deliberate gross negligence and abuse and disfigurement she suffered . . .
>
> Wherefore the Plaintiff in the above title case Prays to be allowed a Jury Trial and to be allowed to Sue for or in Excess of at least One Million Dollars.

Complaint, 1-2.

law." Pa. R. Civ. P. 1042.1. Rule 1042.3 requires a professional to certify the claim has merit.[3] The Rule applies to *pro se* litigants as well as those represented. *Mumma v. Boswell, Tintner, Piccola & Wickersham*, 937 A.2d 459, 465 (Pa. Super. Ct. 2007). A court may dismiss a complaint for failure to comply only on motion by the defendant. Pa. R. Civ. P. 1042.6; *Bresnahan v. Schenker*, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007) (stating dismissal replicates the Pennsylvania procedure of *non pros* in Rule 1042.6).

To prevail, Redding must prove "(1) the employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff." *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985). The Third Circuit has held, "expert testimony is required in bench trials of legal malpractice claims except where the matter under investigation is so simple, and the lack of skill so obvious, as

---

[3] Rule 1042.3 requires:
> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>> . . .
>> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.
>>> Note: In the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim, in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation.

Pa. R. Civ. P. 1042.3

to be within the range of the ordinary experience and comprehension of even non-professional persons." *Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474, 481 (3d Cir. 1979).

Redding argues she does not need a Certificate of Merit because she expects to proceed without an expert. *See* Pa. R. Civ. P. 1042.3(a)(3). Redding must "establish the appropriate standard of care with expert evidence to avoid an involuntary dismissal or a directed verdict." *Schmidt v. Currie*, 470 F. Supp. 477, 482 (E.D. Pa. 2005). Only if the legal malpractice in her case "is so simple, and the lack of skill so obvious, as to be within the range of the ordinary experience," *Lentino*, 611 F.2d at 481, could Redding successfully prosecute her case without an expert. The import of *Lentino* is that expert testimony is necessary to prove an attorney did not adhere to the appropriate standard. *Lentino*, 611 F.2d at 480.[4]

In this case, Redding needs an expert to prove Sugarman's representation fell below the standard of reasonable practice, considering the obligation in a legal malpractice case to prove the underlying medical malpractice case. *Seibert v. Nusbaum, Stein, Goldstein, Bronstein & Compeau, P.A.*, 167 F.3d 166, 170 (3d Cir. 1999) (holding unauthorized settlement is malpractice). Redding's statement of her case, that Sugarman told her she did not need an expert when the Superior Court said she did, does not cover all the legal issues involved. Without an understanding of statutes of limitation, the legal doctrines of medical certainty, or *res ipsa loquitur, for instance,* a jury could not have decided whether Redding would have prevailed on her underlying claim. A Certificate of Merit

---

[4]The Pennsylvania Supreme Court has not decided the question of whether an expert is required in all legal malpractice cases because the case on which it granted allocatur to decide the question was resolved outside of court. *See Alberici v. Richard, Disanti, Hamilton & Gallagher, P.C.*, 748 A.2d 1232, 1232 (Pa. 2000). In *Rizzo v. Haines*, 555 A.2d 58, 66 (Pa. 1989), the court held failure to communicate a settlement offer could be proved malpractice without expert testimony. In *Rizzo*, however, an expert testified, but the appellate court discounted his testimony and did not fault the trial court for finding malpractice in a bench trial. *Id.*

4

is a reasonable requirement to conserve judicial resources. As a *pro se* litigant, Redding is not exempt from following the civil rules. *Mumma*, 937 A.2d at 465.

    An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH REDDING : CIVIL ACTION
:
v. : No. 07-4591
:
ESTATE OF ROBERT SUGARMAN :

### ORDER

And now this 22nd day of October, 2008, Defendant's Motion to Dismiss (Document 24) is GRANTED with prejudice. Plaintiff's Motion for Summary Judgment (Document 25) is DENIED. The Clerk is directed to mark the case CLOSED for statistical purposes.

BY THE COURT:

_____
Juan R. Sánchez,                J.