IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH REDDING | : | CIVIL ACTION |
| | : | |
| v. | : | No. 07-4591 |
| | : | |
| THE ESTATE OF ROBERT SUGARMAN, | : | |
| ESQ.[1] | : | |

## <u>MEMORANDUM</u>

**Juan R. Sánchez, J.**                                                                                **May 3, 2012**

Pro se Plaintiff Elizabeth Redding brings a claim for legal malpractice against the Estate of Robert Sugarman, Esquire (the Estate), arising out of Sugarman's handling of Redding's underlying medical malpractice claim. Redding alleges Sugarman caused her medical malpractice action to be dismissed because of his failure to procure an expert witness to testify in support of her claims. The Estate asks this Court to grant summary judgment in its favor, asserting Redding cannot prove her legal malpractice claim, or her underlying medical malpractice claim, without an expert witness, which she does not have and cannot obtain at this late stage of the case. For the following reasons, the Estate's motion will be granted.

## FACTS[2]

In her Complaint, filed on November 19, 2007, Redding accuses Sugarman of legal

---

[1] Robert Sugarman, Esquire, died during the course of this litigation. His estate has been substituted as the defendant. Fed. R. Civ. P. 25(a)(1).

[2] When considering a motion for summary judgment, a district court must view the facts and draw all reasonable inferences from them in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176-77 (3d Cir. 1997).

malpractice as a result of his negligent representation of her in a medical malpractice case.[3]  Pursuant

to Pennsylvania Rule of Civil Procedure 1042.3, which requires a plaintiff in a professional

negligence action to file a certificate of merit within 60 days after filing a complaint, Redding

certified she did not need an expert to prove her case.  In response, Sugarman moved to dismiss

Redding's Complaint.   On October 22, 2008, this Court granted Sugarman's motion, finding

Redding had not complied with Rule 1042.3 because her case required an expert.    Redding

successfully appealed, and the Third Circuit remanded the case to this Court for further proceedings

finding Redding in fact had complied with Rule 1042.3 by certifying expert testimony was not

required to prove her claim.  The Third Circuit found Redding's certification sufficient to "allow[]

the case to proceed to discovery, leaving the consequence of [Redding]'s decision to be dealt with

at a later stage of the proceeding, such as summary judgment or trial."  *Liggon-Redding v. The Estate*

---

[3] Redding's Complaint, in its entirety, provides as follows:

### JURISDICTION
To the best of the Plaintiffs knowledge and belief she believes the Federal Government would have Jurisdiction over this Case/Complaint because the Parties are Citizens of different States.

### CAUSE OF ACTION
The Defendant failed to render professional services with skill and diligence that an ordinary and reasonable lawyer would use under similar circumstances.  In a Medical Malpractice cases the Law says you must have, "Expert Testimony," The Defendant said it was not necessary in my case and refused to procure the Expert.  In doing this he caused the Plaintiffs case to be dismissed for lack of an Expert.  Causing her not be compensated for her pain and suffering and the deliberate gross negligence and abuse and disfigurement she suffered at the hands of Dr. . . . at Bryn Mawr Hospital.

### DEMAND
Wherefore the Plaintiff in the above title case Prays to be allowed a Jury Trial and to be allowed to Sue for or in Excess of at least One Million Dollars.

Compl. 1-2 (unchanged as to grammar and spelling).

*of Robert Sugarman*, 659 F.3d 258, 265-66 (3d Cir. 2011).  The Third Circuit did not reach the issue of whether Redding would need an expert to prove her claims.  After the close of discovery in this case and after the date on which Redding's expert reports were due had passed, the Estate filed the instant motion for summary judgment based on the same premise that Redding cannot prove her legal malpractice claim, or her underlying medical malpractice claim, without an expert witness to present testimony on the standards of care for legal malpractice and medical malpractice, or on causation issues, and, therefore, judgment must be granted in favor of the Estate as a matter of law.  Oral argument was held on this motion.

**DISCUSSION**

A motion for summary judgment shall be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To defeat such a motion, the non-moving party may not rest upon the "mere allegations or denials" of the moving party's pleadings, or "bare assertions, conclusory allegations or suspicions," *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981), but instead must set forth specific facts showing there is a genuine issue of material fact.  Fed. R. Civ. P. 56(c); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'"  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

Under *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity, as this Court is here, must apply the state's substantive law.  Pennsylvania's certificate of merit requirement is a substantive rule, not a procedural requirement.  *Liggon-Redding*, 659 F.3d at 264-65; *McElwee Grp., LLC v. Mun. Auth. of Elverson*, 476 F. Supp. 2d 472, 475 (E.D. Pa. 2007).

Pennsylvania Rule of Civil Procedure 1042.1 "govern[s] a civil action in which a professional liability claim is asserted against . . . an attorney at law." Pa. R. Civ. P. 1042.1(c)(2).  Rule 1042.3, which requires a professional to certify the claim has merit, provides in part:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>> . . .
>> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3.  Any plaintiff who certifies expert testimony is unnecessary pursuant to Rule 1042.3(a)(3), is "bound by the certification" and barred from "presenting testimony by an expert on the questions of standard of care and causation." *Id*. at 1042.3(a)(3), Note.  The Certificate of Merit rule applies equally to pro se and represented litigants. *Mumma v. Boswell, Tintner, Piccola & Wickersham*, 937 A.2d 459, 465 (Pa. Super. Ct. 2007).

To prevail on her legal malpractice claim, Redding must prove:  "(1) the employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff." *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985) (quoting *Schenkel v. Monheit*, 405 A.2d 493, 494 (Pa. Super. Ct. 1979)).  To prove damages resulting from Sugarman's alleged negligence, Redding must show she would have prevailed in her underlying medical malpractice action. *ASTech Int'l LLC v. Husick*, 676 F. Supp. 2d 389, 400-02 (E.D. Pa. 2009) (acknowledging the obligation in a professional

4

negligence case to prove the underlying case and holding legal malpractice plaintiffs must prove actual loss which means they must prove that, "but for [the] attorney's negligence, a different result would have occurred in the [underlying] litigation") (citation omitted).  In other words, Redding must prove "a case within a case."  *Javaid v. Weiss*, No. 11-1084, 2011 WL 6339838, at *7 (M.D. Pa. Dec. 19, 2011) (explaining further "plaintiff must initially establish by a preponderance of the evidence that [s]he would have prevailed in the underlying action before reaching the attorney's alleged failure to exercise ordinary skill and knowledge.  Thus, '[i]t is only after the plaintiff proves [s]he would have recovered a judgment in the underlying action that the plaintiff can proceed with proof that the attorney [s]he engaged to prosecute or defend the underlying action was negligent" (quoting *Kituskie v. Corbman*, 714 A.2d 1027, 1030 (Pa. 1998))).  The standard of care to which an attorney must adhere is measured by the skill generally possessed and employed by practitioners of the profession.  *Gans*, 762 F.2d at 341; *Beech Tree Run, Inc. v. Kates*, No. 99-5993, 2000 WL 1269839, at *7 (E.D. Pa. Sept. 7, 2000) (citing *Lentino v. Fringe Emp. Plans, Inc.*, 611 F.2d 474, 480 (3d Cir.1979)).  An attorney is presumed to have complied with the duties of his representation unless shown otherwise.  *Mazer v. Sec. Ins. Grp.*, 368 F. Supp. 418, 422 (E.D. Pa. 1973), *aff'd*, 507 F.2d 1338 (3d Cir. 1975).

"The determination of legal malpractice, like determinations of malpractice in other professions, requires an evaluation of professional skill and judgment, as well as a standard of care" normally exercised by members of the same profession under similar circumstances that is typically beyond the scope of the normal experience of ordinary laypersons.  *Lentino*, 611 F.2d at 480-81.  As a result, an expert witness is necessary in a professional malpractice case "to establish the specific standard of care and to assist the jury in its determination of defendant's conformity to the relevant

5

standard." *Id*. (citations omitted); *see also Schmidt v. Currie*, 470 F. Supp. 477, 482 (E.D. Pa. 2005) ("A plaintiff who fails to produce such expert evidence cannot meet his or her burden of proof."); *Mazer*, 368 F. Supp. at 422 ("It is black letter law that in an action for negligence the party alleging lack of due care has the burden of proof"); *Rizzo v. Haines*, 555 A.2d 58 (Pa. 1989).  Professional negligence cannot be proven without expert testimony, "except where the matter under investigation is so simple, and the lack of skill so obvious, as to be within the range of the ordinary experience and comprehension of even non-professional persons." *Lentino*, 611 F.2d at 480-81.  "The general rule [is] that expert testimony is essential where it would help the finder of fact understand an issue that is beyond the knowledge of the average person." *Rizzo*, 555 A.2d at 66.

Significantly, "[t]here is no presumption that an attorney has been guilty of a want of care, arising merely from a bad result." *Mazer*, 368 F. Supp. at 422.  An attorney's "informed judgment, even if subsequently proven to be erroneous, is not negligence." *Id*.  Ultimately, summary judgment must be granted "if the evidence of negligence is too speculative to establish any material issue of fact." *Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 93-94 (3d Cir. 1985).

In *Mazer*, the district court ruled in favor of the defendants on a legal malpractice claim when it found the plaintiff did not satisfy its burden to prove the defendants were negligent when they failed to join a third-party defendant in the underlying medical malpractice action.  368 F. Supp. at 423.  Noting the plaintiff was "proceeding on what amount[ed] to a *res ipsa loquitur* theory of professional liability," the court held the plaintiff had not "show[n] that the failure to join the [third-party defendant] was not a conscious exercise of judgment by [the attorney defendants], as contrasted with an oversight." *Id*. at 421-22.  Finding the plaintiff "offered only a bad result as proof that an attorney was negligent," the court entered judgment in favor of the defendants. *Id*.

6

In *Gans*, the Third Circuit affirmed a summary judgment in favor of the appellee-law firm in a legal malpractice case in which the plaintiff-appellant client failed to discharge his "critical burden" of opposing summary judgment with expert evidence demonstrating that the firm's conduct fell below the standard of care. 762 F.2d at 343. After the firm had alleged facts that its conduct was not negligent, the client had the burden to present expert evidence that would create a genuine issue of material fact with respect to the standard of care for an attorney in the circumstances at issue. *See id*. Because the client failed to proffer expert testimony to establish the standard of care as required pursuant to *Lentino*, the court affirmed dismissal of the client's legal malpractice claim. *See id*.

Similarly, in *Beech Tree*, the district court dismissed the plaintiff's malpractice claim because, in opposing summary judgment, the plaintiff did not proffer any expert testimony to prove its claim. 2000 WL 1269839, at *7-9. Rather, the plaintiff argued its claim—that its attorney committed legal malpractice by failing to secure an interest on the plaintiff's money because of a conflict of interest—was "so simple" and "obvious" that expert testimony was not necessary to establish it. *Id*. at *7-8. The court reiterated the Third Circuit's holding that "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions," and found the plaintiff's conclusory allegation regarding the obviousness of the malpractice was insufficient to withstand summary judgment. *Id*. at *8 (citing *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981)). Moreover, the court held it could not "conclude that an alleged conflict of interest is such a simple matter that no expert testimony would be required to prove [its] [il]legal existence." *Id*.

Instantly, in moving for summary judgment, the Estate points to Redding's absence of expert witness testimony in support of her claim without which, it asserts, Redding will not be able to

satisfy her burden of proof, as in *Mazer, Gans*, and *Beech Tree*.  Because *Lentino* and its progeny require the plaintiff to establish the standard of care with expert testimony to avoid summary judgment, the burden devolves upon the plaintiff to oppose the moving party's averments with expert evidence demonstrating that the moving party's conduct failed to meet the appropriate standard of care.  *See Gans*, 762 F. 2d at 343.  In opposing summary judgment, Redding has not offered expert testimony to establish the standard of care in accordance with which Sugarman should have conducted his representation and how Sugarman's representation deviated from that standard. Instead, Redding relies on the fact that her underlying medical malpractice case was lost because Sugarman did not procure an expert as proof of Sugarman's negligence.  Redding further asserts her medical malpractice case is "so blatant," expert testimony is not needed to prove her case.  Redding's Mot. for Denial of Summ. J. 11, 12, ECF No. 43;[4] *see also id*. at 10 ("An expert opinion is not needed.").  Redding reiterated her position at oral argument, firmly stating she does not need an expert to prove her claim.  Redding's position ignores the case law in this jurisdiction holding that professional negligence is generally beyond the scope of ordinary laypersons and, therefore, expert evidence is necessary to prove an attorney's representation fell below the appropriate standard of care.  *Lentino*, 611 F.2d at 480; *Rizzo*, 555 A.2d at 66.  Having certified an expert was not necessary to prove her legal malpractice claim, however, Redding is bound by that certification and barred from presenting such expert evidence.  Pa. R. Civ. P. 1042.3(a)(3), Note.  Thus, unless Redding can show Sugarman's negligence was "so obvious, as to be within the range of the ordinary experience and comprehension of even non-professional persons," *Lentino*, 611 F.2d at 480-81, Redding's claim

---

[4] Redding's opposition is captioned as a motion for denial of the Estate's summary judgment motion, which this Court and the Estate have interpreted as her response in opposition.

fails.

The only facts before this Court concerning Sugarman's efforts to obtain an expert witness in Redding's underlying medical malpractice case come from two state court opinions summarizing those proceedings. These facts will be discussed in turn.

In Redding's medical malpractice action, the trial court entered summary judgment in favor of the medical defendants, finding Redding could not prove her case as a result of two prior sanctions orders precluding her from presenting expert testimony at trial because of her failure to respond to discovery requests, including expert witness interrogatories. Redding's Mot. for Denial of Summ. J., Ex. A, at 1-2. Throughout the litigation – which spanned several years – it appears the court, on several occasions, urged Redding to identify an expert witness, which she did not do. *Id*. at 4. Finding Redding's claim of medical malpractice was not "so simple" so as to obviate the need for expert testimony, the court "affirmed" entry of summary judgment. *Id*. at 5-7.[5]

On appeal, the Superior Court affirmed the trial court's decision to grant summary judgment. Estate's Mot. for Summ. J., Ex. F, at 1, ECF No. 39. The court reviewed the case history, including Redding's answer to both rules to show cause why the medical defendants' motions for sanctions (specifically the preclusion of expert testimony) should not be granted, drafted by Sugarman, in which Redding explained: "1. Plaintiff has made diligent but unsuccessful efforts to obtain an expert opinion as to standard of care from the treating physician . . . 2. However, [the treating physician] has declined to appear as an expert. 3. Based on efforts to date, plaintiff may not be able to secure

---

[5] The Honorable Toby Lynn Dickman was initially assigned to Redding's case, but passed away three days after she granted summary judgment. The matter was thereafter reassigned to the Honorable Bernard A. Moore, who apparently drafted the opinion on those motions, affirming Judge Dickman's decision.

an expert." *Id*. at 4.  The court found Redding's counseled answer "concedes [Redding's] inability at that point, seven years after the commencement of suit, to obtain the necessary expertise." *Id*. at 5.  The court thus affirmed, finding the evidence inadequate to establish a *prima facie* case of medical negligence.  *Id*. at 1, 5, 7.

To date, no court in this jurisdiction has held that the failure to identify an expert witness in a medical malpractice case constitutes negligence as a matter of law.  In fact, Pennsylvania courts have held attorneys to be negligent as a matter of law, such that expert testimony is not required to demonstrate the standard of care, only in very limited circumstances.  *See Vadovsky v. Treat*, No. 08-1415, 2010 WL 2640156, at *5 (M.D. Pa. June 11, 2010) (indicating an attorney is negligent as a matter of law where he misses a filing deadline or fails to file suit before expiration of statute of limitations); *Rizzo*, 555 A.2d 58 (finding attorney negligent as matter of law for failing to investigate and communicate settlement offers or engaging in financial transactions with attorney's own client).  *But see Byrd v. Bowie*, 933 So. 2d 899, 905 (Miss. 2006) (holding, in another jurisdiction, an attorney's unexplained failure to identify an expert witness by the court-mandated deadline constitutes negligence as a matter of law).

Unlike in *Byrd*, where the attorneys accused of negligence did not provide any excuse as to why they did not designate an expert and thus were found negligent as a matter of law, 933 So. 2d at 905, here, it appears from the two state court opinions Sugarman attempted to secure an expert, but was unsuccessful.  This premise is bolstered by Sugarman's Answer to Redding's Complaint in this case, in which Sugarman denied refusing to procure an expert.[6]  Although Redding asserts

---

[6] Sugarman himself also appeared before this Court in 2008 before his passing and represented the same, explaining, although he tried, he could not procure an expert witness in Redding's medical malpractice action.

Sugarman "told her" an expert was not necessary to prove her underlying medical malpractice case, such testimonial evidence is inadmissible pursuant to the Dead Man's Act.  42 Pa. Cons. Stat. § 5930 (providing a person whose interest is adverse to the interest of a decedent is not a competent witness to any matter which occurred before the decedent's death); *Schroeder v. Jaquiss*, 861 A.2d 885, 890 (Pa. 2004).[7]

"The ordinary experience of a non-professional jury does not equip it either to understand or determine the reasonableness of attorneys' evaluation of their clients claims without expert assistance. . . . [To determine whether an attorney is] negligent, the jury must be told about the standards which an attorney is required to meet.  Only an expert witness can do this since the standard of care is a question of fact."  *Schmidt*, 470 F. Supp. 2d at 483.  Without an expert to guide it, a jury is simply not able to determine the extent of effort an attorney must expend in procuring an expert to satisfactorily meet his obligations.  How much diligence is sufficient? How many experts must the attorney solicit to satisfy the standard of care?  How detailed must the discussions be in attempting to secure an expert?  "A jury using its 'ordinary experience and comprehension'

---

[7] Under the Dead Man's Act, to find a surviving party's interest adverse to the one who is dead, thereby disqualifying the surviving party from testifying, "the deceased must have had an actual right or interest in the matter at issue, the interest of the witness must be adverse [to the decedent's estate], and the right of the deceased must have passed to a party of record who represents the deceased's interests."  *Punxsutawney Mun. Airport Auth. v. Lellock*, 745 A.2d 666, 670 (Pa. Super. Ct. 2000) (citing *Larkin v. Metz*, 580 A.2d 1150 (Pa. Super. Ct. 1990)).  Because the statute is an exception to the general rule of evidence in federal courts and in Pennsylvania that all persons are competent to testify as witnesses, the statute is narrowly construed.  *Knit With v. Knitting Fever, Inc.*, 742 F. Supp. 2d 568, 583 (E.D. Pa. 2010) (internal citations omitted).  A decedent's representative waives the Act by conducting discovery of the incompetent witness, "whether or not [the representative] places the results of such discovery on the record."  *Schroeder*, 861 A.2d at 890 (citing *Anderson v. Hughes*, 208 A.2d 789, 791 (Pa. 1965)).  Here, because the Estate refrained from engaging in any such discovery, the Estate has not waived the Act and Redding's testimonial evidence is not admissible.

11

cannot be expected to understand without expert help whether [Sugarman's] 'lack of skill' was 'obvious' in failing to meet [his] professional obligations and duties in bringing and prosecuting the underlying medical malpractice action," particularly here, where Sugarman provided a reason why an expert was not identified. *Id.* at 484. "There is no presumption that an attorney has been guilty of a want of care, arising merely from a bad result." *Mazer*, 368 F. Supp. at 422. Redding does not have any admissible evidence to support her assertion that Sugarman told her she did not need an expert.[8] As a result, Redding cannot prove the second element of her legal malpractice claim.

Nevertheless, even if Sugarman was negligent as a matter of law such that expert testimony is not required for Redding's claim of legal malpractice—as Redding asserts—summary judgment is still warranted because Redding cannot prove the third element of her legal malpractice case, which is that she would have prevailed in the underlying medical malpractice case. *Javaid*, 2011 WL 6339838, at *7 (explaining for the third element of a legal malpractice claim, the plaintiff must prove "a case within a case" (quoting *Kituskie*, 714 A.2d at 1030)); *ASTech Int'l, LLC*, 676 F. Supp. 2d at 400-01 (same). Despite Redding's allegations in her own Complaint that "[i]n a medical malpractice case[] the Law says you must have, "Expert Testimony," Compl. 1, Redding continues to this day to proceed on the theory that she does not need expert testimony to prove her underlying medical malpractice case. This argument not only ignores her own allegation, but it also ignores

---

[8] At oral argument on this motion, Redding asserted a Third Circuit judge stated on the record during her appeal proceedings that she did not need an expert to prove her legal malpractice claim. Upon this Court's review of that proceeding, however, no such statement was definitively asserted; rather, hypothetical questions were merely posed by that panel of judges to the attorneys representing the parties in an effort to assist the judges in understanding the parameters of Redding's case in particular, and the disputed points at issue. Moreover, in its published opinion, the Third Circuit did not reach the issue of whether Redding needed an expert to prove her claims, and any such questions posed during the appellate argument hypothetically inquiring whether this particular case is one that does not require expert evidence to prove legal malpractice are not binding on this Court.

both state court opinions in her medical malpractice case.  The state trial court, after repeatedly

urging Redding to engage an expert—advice which she contends her attorney disregarded, but which

she continues to disregard today—dismissed Redding's medical malpractice claim on the basis that

she did not present expert testimony in support of her claim, stating "expert testimony is required

to establish that the defendant physician's conduct varied from acceptable medical practice and that

this negligence was the proximate cause of harm suffered by the plaintiff."  Trial Ct. Op., *Redding*

*v. Main Line Hosps., Inc. et al.*, No. 03-1378 (Pa. Ct. Com. Pl. Feb. 20, 2008) (citing *Montgomery*

*v. S. Phila. Med. Grp.*, 656 A.2d 1385, 1390 (Pa. Super. Ct. 1995)); *see also id.* at 4 (stating, further,

"[i]t is incumbent upon the Plaintiff to produce expert testimony to establish the recognized standard

of medical care attributable to physicians under like circumstances" (citing *Strain v. Ferroni*, 592

A.2d 698, 701 (Pa. Super. Ct. 1991))).  The Superior Court affirmed the trial court on the same

grounds, agreeing Redding's case was not one that was "so simple" it did not require expert

evidence.  Although the instant case is a legal malpractice case, Redding still bears the burden of

proving her underlying medical malpractice case, which requires expert evidence; nothing about that

requirement has changed from the time Redding first brought her medical malpractice case in state

court twelve years ago.  Yet, to date, Redding has not identified any expert witnesses, nor has she

produced any expert reports.  As a result, Redding is precluded from presenting expert evidence at

trial, unless Redding can show the failure to identify such witness or provide such information was

"substantially justified" or "harmless."  Fed. R. Civ. P. 37(c)(1); *see also* Pa. R. Civ. P. 4019

(providing same sanction under equivalent state court rule but stating plaintiff must show her failure

to disclose the identity of an expert witness "is the result of extenuating circumstances").

13

At oral argument, Redding asserted—for the first time—that extenuating circumstances exist here such that she is justified in presenting medical expert testimony at trial. According to Redding, the extenuating circumstances are that she has two doctors willing to testify for her. First, this Court notes, "[t]he failure to disclose [the identity of an expert witness] during expert discovery is not justified." *Grant St. Grp., Inc. v. Realauction.com, LLC*, No. 09-1407, 2012 WL 1440604, at *1 (W.D. Pa. Feb. 23, 2012); *see also Storm v. Golden*, 538 A.2d 61, 66 (Pa. Super. Ct. 1987) (barring appellant from presenting expert testimony at trial because "a tactical decision not to present expert testimony on the part of appellant is not an "extenuating circumstance" beyond the control of appellant). More importantly, however, Redding does not even assert the two doctors would offer expert testimony. Rather, Redding intends to present the two doctors only as "medical professional" fact witnesses.[9] Redding's Mot. for Denial of Summ. J. 11. Thus, the rule does not even apply here. It is therefore of no import that Redding alleges she "believed she was not allowed to produce an expert report [or present an expert] after stating an expert was not needed to prosecute her case" (referring to her 1042.3(a)(3) certification), *id*. at 12, as she does not even intend to present expert testimony at trial. Without medical expert evidence, however, Redding cannot prove her medical malpractice case, and, therefore, she cannot prove her legal malpractice case.

---

[9] The two doctors to which Redding refers are Drs. Wrenn and Puskas, her treating physicians before and after her procedure at issue in her medical malpractice case. However, Redding continually asserts neither doctor needs to (nor is willing to) testify as an expert witness for her to prevail. *See* Redding's Mot. for Denial of Summ. J. 9 (asserting Drs. Wrenn and Puskas "do not have to testify as experts to testify to their treatment [of Redding] after [Redding] was mutilated by Dr. Souser. Which th[e]y are both willing to do"); *see also id*. at 11 (Drs. Wrenn and Puskas "will not be testifying as 'experts' but about th[ei]r care of [Redding] after her mutilation. They do not need to testify about Dr. Souser[']s standard of care and causation."); *id*. at 8 (Dr. Puskas "agreed to testify [o]n my behalf, but not as an expert."). Thus, Redding's reference at oral argument to "two doctors" refers to Drs. Wrenn and Puskas, who, even if they testified on her behalf, would not be offering expert evidence.

Moreover, it strikes this Court as curious that Redding wishes to proceed on a sort of *res ipsa loquitur* theory of liability, asserting she does not need an expert to prove either her legal malpractice case or her medical malpractice case (because the "[m]alpractice [in both] . . . is so blatant," *id.* at 12), in spite of accusing Sugarman of being negligent for effectively proceeding on the same theory, and in spite of the two state court opinions dismissing her medical malpractice action because she could not satisfy her burden of proof by proceeding on such theory. *See Lentino*, 611 F.2d 474 (holding expert witness is necessary in a professional malpractice case); *Gans*, 762 F.2d 338 (holding plaintiff is required to establish the standard of care with expert testimony to avoid summary judgment); *Schmidt*, 470 F. Supp. at 482 ("A plaintiff who fails to produce such expert evidence cannot meet his or her burden of proof."); *Rizzo*, 555 A.2d at 66 ("[T]he general rule [is] that expert testimony is essential where it would help the finder of fact understand an issue that is beyond the knowledge of the average person."). Consequently, this Court questions whether Redding ever intended to engage an expert in her underlying case, and thus, it appears evident Redding's medical malpractice case would have failed regardless of Sugarman's representation. "Pennsylvania courts have been very clear that plaintiffs in all malpractice actions must prove actual loss. To do so, they must prove that the underlying legal representation would have achieved whatever the plaintiffs hoped to achieve. If the underlying case . . . would have failed regardless of the defendant's professional negligence, then the plaintiffs have not suffered actual loss." *ASTech Int'l, LLC*, 676 F. Supp. 2d at 402.

As so aptly stated in *Rizzo*, "[w]e recognize that a disappointed client may be inclined to subject his or her attorney to the standard that only hindsight may provide, and as a general policy there should be judicial reluctance to relitigate suits in the guise of legal malpractice." 555 A.2d at

at 65.  Because Redding does not have competent evidence of negligence, she cannot show a genuine

issue of material fact for trial.  Summary judgment is entered in favor of the Estate.  *Zimmer Paper*

*Prods., Inc.*, 758 F.2d at 93-94 (holding "if the evidence of negligence is too speculative to establish

any material issue of fact," summary judgment must be granted).

      An appropriate order follows.

                                      BY THE COURT:


                                   /s/ Juan R. Sánchez _____
                                  Juan R. Sánchez, J.